```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————————
DRYWALL TAPERS AND PAINTERS OF
GREATER NEW YORK LOCAL UNION 1974,         25-cv-2351 (JGK)
AFFILIATED WITH INTERNATIONAL UNION
OF ALLIED PAINTERS AND ALLIED              MEMORANDUM OPINION
TRADES, AFL-CIO,                           AND ORDER
                    Petitioner,

         - against -

NATIONAL DRYWALL INC.,
                    Respondent.
————————————————————————————————
```

**JOHN G. KOELTL, District Judge:**

The Drywall Tapers and Painters of Greater New York Local Union 1974, Affiliated with International Union of Allied Painters and Allied Trades, AFL-CIO ("the Union") has filed a petition to confirm an arbitration award ("Petition" or "Pet.") that was issued pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 141 et seq. ECF No. 1. The arbitration award ("Award") was issued by the Joint Trade Board of the Drywall Tapers Industry ("Joint Trade Board") on November 22, 2024, and was rendered pursuant to a collective bargaining agreement involving the Union and the respondent. The respondent, National Drywall Inc. ("National Drywall") has not opposed the Petition. In addition to moving for summary judgment to confirm the award, the petitioner seeks attorney's fees and costs. For the reasons outlined below, the Petition is **granted.**

I.

The following uncontested facts are taken from the Petition and the documents submitted in support of the Petition.

The Union is a labor organization within the meaning of Section 501 of the LMRA, 29 U.S.C. § 142. Pet. ¶ 2. The respondent was a party to a collective bargaining agreement with the Union, providing for the submission of disputes to the Joint Trade Board. Id. ¶ 5. A dispute arose when National Drywall failed to register a job with the Union, in violation of Articles X and XIII Section 6 Violation 1 of the CBA. Id. ¶ 6; see also Kugielska Decl., Ex. B ("CBA"). Pursuant to Article XIV of the CBA, the Union filed a Demand for Arbitration with the Union's Joint Trade Board and served a Demand for Arbitration on the respondent. Pet. ¶ 7. On November 5, 2024, the Joint Trade Board held a hearing regarding the dispute. Id. ¶ 8. On November 22, 2024, the Board issued an Award directing National Drywall to pay 10,000 in fines to the Union. Id. ¶¶ 8-11.

To date, the respondent has failed to pay any amount of the Award, despite the petitioner's having served a demand letter on the respondent. Id. ¶¶ 13-14. The petitioner now seeks to enforce the award.

II.

Section 301 of the LMRA grants federal courts jurisdiction over petitions brought to confirm labor arbitration awards. Loc.

2

802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel, 145 F.3d 85, 88 (2d Cir. 1998). The Supreme Court has explained that district courts "are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987); see also Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n, 820 F.3d 527, 536 (2d Cir. 2016).[1] Instead, "[a]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." Int'l Brotherhood of Elec. Workers, Loc. 97 v. Niagara Mohawk Power Corp., 143 F.3d 704, 713 (2d Cir. 1998) (quoting Misco, 484 U.S. at 38); see also Nat'l Football League Mgmt. Council, 820 F.3d at 536. Accordingly, an arbitration award is to be confirmed if there is even a "barely colorable justification" for the decision. U.S. Steel & Carnegie Pension Fund v. Dickinson, 753 F.2d 250, 252 (2d Cir. 1985).

The respondent has failed to respond to the Petition, and it is unopposed. However, the Court must do more than simply

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in the quoted text.

issue a default judgment in favor of the petitioner. The Court of Appeals for the Second Circuit has explained that a default judgment is generally inappropriate in a proceeding to confirm or vacate an arbitration award because "[a] motion to confirm or vacate an [arbitration] award is generally accompanied by a record . . . [and] the petition and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's submissions." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).

The standard for granting summary judgment is well established. "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Darnell v. Pineiro, 849 F.3d 17, 22 (2d Cir. 2017). The substantive law governing the case will identify those facts that are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also N.Y.C. Dist. Council of Carpenters v. Reilly Partitions, Inc., No. 18-cv-1211, 2018 WL 2417849, at *2 (S.D.N.Y. May 29, 2018).

4

### III.

In this case, the Award was not the Joint Trade Board's "own brand of industrial justice." See Misco, 484 U.S. at 36 (quoting United Steelworkers v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960)). The Joint Trade Board deliberated and found National Drywall guilty of failure to register a job, in violation of Article X and Article XIII Section 6 Violation 1 of the CBA, and directed National Drywall to submit a fine in the amount of $10,000.00. Based on the limited review appropriate for an unopposed petition to confirm an arbitration award, there is no genuine dispute of material fact, and the award should be confirmed.

### IV.

The petitioner also seeks to recover attorney's fees and costs arising out of this Petition.

Courts "routinely award[] attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. All. Workroom Corp., No. 13-cv-5096, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013); see also Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985) (where a party "refuses to abide by an

arbitrator's decision without justification, attorney's fees and costs may properly be awarded.").

The attorney's fees in this case are thoroughly reasonable. In support of the petitioner's claim for attorney's fees, the petitioner's counsel submitted an affirmation listing the tasks completed, the hourly billing rates, and the total hours billed. ECF No. 14, ¶ 7. The petitioner seeks $2,250 in attorney's fees for 7.5 hours of work, for which the petitioner's counsel billed the services of an associate attorney at a rate of $300 per hour. Id. ¶ 5. The rate billed and time expended on this action by the petitioner's counsel are reasonable. See Drywall Tapers & Pointers of Greater N.Y. Loc. Union 1974, Affiliated with Int'l Union of Allied Partners & Allied Trades, AFL-CIO, No. 22-cv-7580, 2022 WL 17805387, at *3 (S.D.N.Y. Dec. 19, 2022) (approving attorney's fees that billed associates at a rate of $300 per hour). Because the rate billed and time expended on this action by the petitioner's counsel are reasonable, the Court grants the petitioner's request for $2,250 in attorney's fees.

Court costs are also routinely permitted. See N.Y.C & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc., No. 16-cv-1115, 2016 WL 3951187, at *2 (S.D.N.Y. July 19,

2016) (collecting cases). Accordingly, the Court grants the total requested court costs of $532.

The petitioner is also entitled to post-judgment interest on the full amount of the judgment at the rate provided under 28 U.S.C. § 1961(a). See Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.").

## CONCLUSION

The petition to enforce the arbitration award dated November 22, 2024, is **granted**. The Clerk is directed to enter judgment for the petitioner as follows:

- In the amount of $10,000.00 in fines;
- In the amount of $2,250 in attorney's fees;
- In the amount of $532 for court costs; and
- Post-judgment interest accruing at the statutory rate provided by 28 U.S.C. § 1961(a).

The Clerk is directed to close this case.

**SO ORDERED.**
**Dated:** **New York, New York**
**May 29, 2025**

*/s/ John G. Koeltl*
John G. Koeltl
**United States District Judge**

7